IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern District)

| | |
|---|---|
| MICHAEL A. KING, Personal Representative of the Estate of the Late LESLIE DEANN KING, Deceased 5 Finch Trail Fairfield, Pennsylvania 17320 | : : : : |
| and | : |
| MICHAEL A. KING 5 Finch Trail Fairfield, Pennsylvania 17320 | : : : |
| and | : |
| MICHAEL S. KING 5 Finch Trail Fairfield, Pennsylvania 17320 | : : : |
| and | : |
| MICHAEL A. KING, Parent and Next Friend of GAK, Minor 5 Finch Trail Fairfield, Pennsylvania 17320 | : : : : |
| Plaintiffs | : |
| vs. | : Civil Action No.: |
| JOSEPH ERIC ASUNCION, M.D. 11110 Medical Campus Road, #107 Hagerstown, Maryland 21742 | : : : |
| and | : |
| PARKVIEW MEDICAL GROUP 516 Trail Avenue Frederick, Maryland 21701     Serve on Resident Agent:     Julio J. Menocal, M.D.     8202 Greenvale Drive     Frederick, Maryland 21702 | : : : : |

WMN10CV3369

1

and :

MARK C. GLASS-ROYAL, M.D. :
400 West Seventh Street
Frederick, Maryland 21701 :

and :

FREDERICK MEMORIAL :
HEALTHCARE SYSTEM d/b/a
FREDERICK MEMORIAL HOSPITAL :
400 West Seventh Street
Frederick, Maryland 21701 :
    Serve on Resident Agent:
    Thomas A. Kleinhanzl :
    400 West Seventh Street
    Frederick, Maryland 21701 :

    Defendants :

: : : : : : : : : : :

## COMPLAINT

### JURISDICTIONAL STATEMENT

1. The Plaintiffs, Michael A. King, Individually, and as Personal Representative of the Estate of the Late Leslie Deann King, Deceased, and as Parent and Next Friend of GAK, minor, and Michael S. King, Individually, are citizens of the United States of America and citizens and domiciliaries of the State of Pennsylvania. The Plaintiffs, Michael A. King and Michael S. King, are over twenty-one (21) years of age.

2. The Defendants Joseph Eric Asuncion, M.D. and Mark C. Glass-Royal, M.D., are citizens of the United States of America and citizens and domiciliary of the State of Maryland, and are over twenty one (21) years of age.

3 The amount of controversy exceeds Fifty Thousand Dollars ($50,000.00), exclusive of interest and costs.

2

4. Jurisdiction is conferred upon this Honorable Court based upon diversity of a citizenship pursuant to 28 U.S.C., Section 1332, and venue is conferred by virtue of 28 U.S.C., Section 1391.

## COUNT I

COMES NOW the Plaintiff, Michael A. King, Personal Representative of the Estate of the Late Leslie Deann King, Deceased, by his attorneys, Jonathan Schochor, Philip C. Federico, and Schochor, Federico and Staton, P.A. and sues, Joseph Eric Asuncion, M.D., Parkview Medical Group, Mark C. Glass-Royal, M.D., and Frederick Memorial Healthcare System d/b/a Frederick Memorial Hospital, Defendants:

1. At all times of which the Plaintiff complains, the Defendants Asuncion, and Glass-Royal, represented to the Plaintiff's Decedent and the public that they possessed the degree of skill, knowledge and ability possessed by reasonably competent medical practitioners, practicing under the same or similar circumstances as those involving the Plaintiff's Decedent.

2. The Plaintiff alleges that the Defendants Asuncion and Glass-Royal, herein, including duly authorized agents and/or employees of the Defendant Hospital, owed to the Plaintiff's Decedent the duty to exercise the degree of care, skill and judgment expected of a competent medical practitioner acting in the same or similar circumstances, which duty included the performance of adequate and proper diagnostic tests and procedures to determine the nature and severity of the Plaintiff's Decedent's condition, careful diagnosis of such condition, employment of appropriate procedures, surgery and/or treatment to correct such conditions without injury upon the Plaintiff's Decedent, continuous evaluation of the Plaintiff's Decedent's condition and the effects of such treatment, and adjustment of the course of treatment in response to such ongoing surveillance and evaluation -- all of which these Defendants failed to do.

3

3. The Defendants Asuncion and Glass-Royal were negligent in that they failed to employ appropriate treatment, surgery, tests and/or procedures, failed to carefully and thoroughly evaluate the Plaintiff's Decedent's condition, failed to properly and appropriately diagnose the Plaintiff's Decedent's condition, failed to thoroughly evaluate the effects and results of any tests and/or procedures performed, failed to properly evaluate the effects of chosen treatment, failed to adjust the Plaintiff's Decedent's treatment in response to appropriate evaluation of the effects of treatment, failed to properly monitor the course of the Plaintiff's Decedent's condition and treatment, failed to employ adequate and proper diagnostic procedures and/or tests to determine the nature and extent of the Plaintiff's Decedent's condition, and were otherwise negligent.

4. The Plaintiff alleges that the Defendant Parkview Medical Group, through its agents, servants and employees, owed to the Plaintiff's Decedent a duty to exercise a degree of care, skill and judgment expected of a competent medical corporation acting in the same or similar circumstances, which duty included the performance of adequate and proper diagnostic tests and procedures to determine the nature and severity of the Plaintiff's Decedent's condition, careful diagnosis of such condition, employment of appropriate procedures, tests, surgery and/or treatment to correct such conditions without inflicting injury upon the Plaintiff's Decedent, continuous evaluation of the Plaintiff's Decedent's condition and effects of such treatment, and the adjustment of the course of treatment in response to ongoing surveillance and evaluation -- all of which the Defendant failed to do.

5. The Defendant Parkview Medical Group, through its agents, servants and/or employees, was negligent in that it failed to employ appropriate treatment, surgery and/or procedures, failed to carefully and thoroughly evaluate the Plaintiff's Decedent's condition, failed to thoroughly evaluate the effects and results of any tests, treatment and/or procedures

4

performed, failed to adjust the Plaintiff's Decedent's treatment in response to appropriate evaluation of the effects of treatment, failed to properly monitor the course of the Plaintiff's Decedent's condition and treatment, failed to employ adequate and proper diagnostic procedures and/or tests to determine the nature and extent of the Plaintiff's Decedent's condition, failed to diagnose the Plaintiff's Decedent's condition and was otherwise negligent.

6. The Plaintiff alleges that the Defendant Frederick Memorial Healthcare System d/b/a Frederick Memorial Hospital (hereinafter referred to as "Hospital"), through its agents, servants and employees, owed to the Plaintiff's Decedent a duty to exercise a degree of care, skill and judgment expected of a competent medical corporation acting in the same or similar circumstances, which duty included the performance of adequate and proper diagnostic tests and procedures to determine the nature and severity of the Plaintiff's Decedent's condition, careful diagnosis of such condition, employment of appropriate procedures, tests, surgery and/or treatment to correct such conditions without inflicting injury upon the Plaintiff's Decedent, continuous evaluation of the Plaintiff's Decedent's condition and effects of such treatment, and the adjustment of the course of treatment in response to ongoing surveillance and evaluation -- all of which the Defendant failed to do.

7. The Defendant Hospital, through its agents, servants and/or employees, was negligent in that it failed to employ appropriate treatment, surgery and/or procedures, failed to carefully and thoroughly evaluate the Plaintiff's Decedent's condition, failed to thoroughly evaluate the effects and results of any tests, treatment and/or procedures performed, failed to adjust the Plaintiff's Decedent's treatment in response to appropriate evaluation of the effects of treatment, failed to properly monitor the course of the Plaintiff's Decedent's condition and treatment, failed to employ adequate and proper diagnostic procedures and/or tests to determine

5

the nature and extent of the Plaintiff's Decedent's condition, failed to diagnose the Plaintiff's Decedent's condition and was otherwise negligent. At all times referred to herein, the Defendant Asuncion acted for himself and as a duly authorized agent and/or employee of the Defendant Parkview Medical Group and/or the Defendant Hospital, acting within the scope of his authority; and at all times referred to herein, the Defendant Glass-Royal acted for himself and as a duly authorized agent and/or employee of the Defendant Hospital, acting within the scope of his authority.

8. As the direct and proximate result of the ongoing negligence of these Defendants and each of them, the Plaintiff's Decedent suffered unending physical pain, emotional anguish, and an untimely demise as is more fully described, hereinbelow.

9. In May of 2007, the Plaintiff's Decedent, Leslie Deann King, an otherwise healthy 42-year-old female, presented to the Defendant Parkview Medical Group with complaints of a dry cough. She was seen by the Defendant Asuncion who, at all times referred to herein, held himself out to be an expert in family practice medicine. He performed a physical examination and sent the Plaintiff's Decedent for a chest x-ray which was completed at the Defendant Hospital which maintained a diagnostic imaging office. Chest x-rays were specifically taken on May 5, 2007, and was read and interpreted by the Defendant Glass-Royal. It is alleged that at all times referred to herein, the Defendant Glass-Royal held himself out to be an expert in radiology and expert in the reading and interpretation of chest x-rays.

10. Upon examination of the Plaintiff's Decedent's chest x-rays completed on that date, the Defendant detected obvious abnormalities and specifically recommended to the Defendant Asuncion and the Defendant Parkview Medical Group that other tests and studies be completed to evaluate the abnormal films which confirmed the presence of a nodule. The

Defendant indicated that a CT scan and additional x-ray views would be appropriate in evaluating the abnormal chest films. However, in contravention of the standards of care, the Defendant failed to directly contact the Defendant Asuncion and the Defendant Parkview Medical Group to ensure that they knew and understood the Decedent's abnormal x-ray findings and the necessity for further follow-up. It is alleged that the standards of care required the Defendant to actually make contact with the Defendant Asuncion and the Defendant Parkview Medical Group so that appropriate follow-up would be completed. He failed to do so in continuing violation of the standards of care.

11. Further, it is alleged that when the Defendant Parkview Medical Group and specifically the Defendant Asuncion received the abnormal chest x-ray reports, they were under an affirmative duty to contact the Plaintiff's Decedent, explain the abnormal findings, and recommend follow-up to rule in or rule out the presence of an early lung cancer. It is alleged that the standards of care affirmatively required the Defendant Asuncion and any other duly authorized agents and/or employees of the Defendant Parkview Medical Group to see the report, read the report, and take the necessary action to contact the Plaintiff's Decedent, advise the Plaintiff's Decedent of the findings, and rule in or rule out a malignancy. These Defendants failed to do so in continuing violation of the standards of care.

12. It is further alleged that the Plaintiff's Decedent returned to the Defendant Parkview Medical Group in October of 2007, and August of 2008. It is asserted that during these visits, duly authorized agents and/or employees of the Defendant Parkview Medical Group continued with their negligence in failing to appreciate the abnormal chest film findings and further failing to advise the Plaintiff's Decedent of the abnormalities and the necessity for follow-up to rule in or rule out a malignancy.

13. It is alleged that on February 18, 2009, that the Plaintiff's Decedent returned to these Defendants suffering severe pulmonary dysfunction. A chest x-ray at that time revealed a significantly broader abnormality. CT scans were finally performed which confirmed the presence of a 2 x 2 centimeter mass with associated pleural effusion and the involvement of several lymph nodes. Further tests and studies revealed the fact that the Plaintiff's Decedent had a non-small cell, well to moderately differentiated adenocarcinoma, but had suffered metastasis to her brain by that time. It is alleged that the Plaintiff's Decedent underwent extensive chemotherapy and radiation in an effort to arrest the disease, notwithstanding the fact that she had an ominous prognosis. She subsequently spiraled downward due to the disease process, and died on November 23, 2009 -- as the direct and proximate result of the ongoing negligence of these Defendants.

14. Had these Defendants and each of them acted in accordance with the standards of care, the abnormal findings found on the chest film taken on May 5, 2007 would have been directly reported by the Defendant radiologist to the family care practice which would have resulted in affirmative action to effect a cure of the very early malignancy present at that time. Further, had the Defendant Asuncion and Parkview Medical Group acted in accordance with the standards of care, the abnormalities on the chest films would have been immediately recognized upon review of the x-ray reports furnished by the Defendant radiologist, and the Plaintiff's Decedent would have been contacted, and advised of the abnormalities with appropriate follow-up which would have likewise effected a cure of this early malignancy.

15. As the direct and proximate result of these Defendants' ongoing negligence, the early malignancy was left to grow, extend and ultimately metastasize. Accordingly, when it was finally diagnosed in February of 2009, it had already progressed to that state, rendering the

Plaintiff's Decedent incurable. As the direct and proximate result of the ongoing negligence of these Defendants, the Plaintiff's Decedent went from a curable, early lung cancer, to an incurable lung cancer which took her life in November of 2009.

16. It is alleged that the Plaintiff's Decedent suffered unending physical pain, emotional anguish as well as fear and anxiety leading up to her death. Additionally, her estate incurred hospital, surgical, pharmacological, physiotherapeutic, nursing, custodial, hospice, and other care, funeral, burial and other losses and expenses for which claim is made. Further, it is alleged that the Plaintiff's Decedent was gainfully employed at the time of the negligence, and that as a direct and proximate result of the ongoing breaches in the standards of care, she lost the ability to seek and/or hold gainful employment.

17. It is alleged that as a direct and proximate result of the ongoing negligence referred to hereinabove, the Plaintiff's Decedent lost her quality of life, was unable to engage in and/or enjoy activities she was previously engaged in, and suffered a tragic and untimely demise in November of 2009.

18. The Plaintiff and Plaintiff's Decedent refer to the negligence of these Defendants and each of them as the sole and proximate cause of all of the injuries, damages, and the ultimate demise of the Plaintiff's Decedent, with the Plaintiff and Plaintiff's Decedent being in no way contributorily negligent.

WHEREFORE, the Plaintiffs claim damages in excess of minimum jurisdictional amount.

_____
Johnathan Schochor

_____
Philip C. Federico

*Schochor, Federico & Staton, P.A.* (signature)

Schochor, Federico and Staton, P.A.
1211 St. Paul Street
Baltimore, Maryland 21202
(410) 234-1000

Attorneys for the Plaintiffs

## COUNT II

COMES NOW the Plaintiff, Michael A. King, by his attorneys, Jonathan Schochor, Philip C. Federico, and Schochor, Federico and Staton, P.A. and sues, Joseph Eric Asuncion, M.D., Parkview Medical Group, Mark C. Glass-Royal, M.D., and Frederick Memorial Healthcare System d/b/a Frederick Memorial Hospital, Defendants:

1. The Plaintiff incorporates in this Count those facts set forth in Count I hereinabove by reference thereto intending that each and every allegation hereinabove be deemed part hereof as if the same were repeated herein.

2. The Plaintiff alleges that he is the surviving husband of the Plaintiff's Decedent, Leslie Deann King. As a result of the negligence of these Defendants, the Plaintiff asserts that the marriage and marital relationship he enjoyed with the Plaintiff's Decedent was destroyed.

3. The Plaintiff alleges that he has lost the love, support, guidance, advice and comfort furnished by his beloved wife as the result of the negligence of these Defendants. The death of his wife represents a tragedy from which he will never recover.

WHEREFORE, the Plaintiffs claim damages in excess of minimum jurisdictional amount.

_____
Jonathan Schochor

_____
Philip C. Federico

*Schochor, Federico + Staton, PA*
Schochor, Federico and Staton, P.A.
The Paulton
1211 St. Paul Street
Baltimore, Maryland 21202
(410) 234-1000

Attorneys for the Plaintiffs

## COUNT III

COMES NOW the Plaintiff, Michael S. King, by his attorneys, Jonathan Schochor, Philip C. Federico, and Schochor, Federico and Staton, P.A. and sues, Joseph Eric Asuncion, M.D., Parkview Medical Group, Mark C. Glass-Royal, M.D., and Frederick Memorial Healthcare System d/b/a Frederick Memorial Hospital, Defendants:

1. The Plaintiff incorporates in this Count those facts set forth in Counts I and II hereinabove by reference thereto intending that each and every allegation hereinabove be deemed part hereof as if the same were repeated herein.

2. The Plaintiff alleges that he is the surviving son of the Plaintiff's Decedent, Leslie Deann King. As a result of the negligence of these Defendants, the Plaintiff asserts that the relationship he enjoyed with the Plaintiff's Decedent was destroyed.

3. The Plaintiff alleges that he has lost the love, support, guidance, advice and comfort furnished by his beloved mother as the result of the negligence of these Defendants. The death of his mother represents a tragedy from which he will never recover.

WHEREFORE, the Plaintiffs claim damages in excess of minimum jurisdictional amount.

_____
Jonathan Schochor

11

*Philip C. Federico* (signature)
Philip C. Federico

*Schochor, Federico & Staton, PA* (signature)
Schochor, Federico and Staton, P.A.
The Paulton
1211 St. Paul Street
Baltimore, Maryland 21202
(410) 234-1000

Attorneys for the Plaintiffs

## COUNT IV

COMES NOW the Plaintiff, Michael A. King, Parent and Next Friend of GAK, Minor, by his attorneys, Jonathan Schochor, Philip C. Federico, and Schochor, Federico and Staton, P.A. and sues, Joseph Eric Asuncion, M.D., Parkview Medical Group, Mark C. Glass-Royal, M.D., and Frederick Memorial Healthcare System d/b/a Frederick Memorial Hospital, Defendants:

1. The Plaintiff incorporates in this Count those facts set forth in Counts I, II and III hereinabove by reference thereto intending that each and every allegation hereinabove be deemed part hereof as if the same were repeated herein.

2. The Plaintiff alleges that GAK is the surviving son of the Plaintiff's Decedent, Leslie Deann King. As a result of the negligence of these Defendants, the Plaintiff asserts that the relationship he enjoyed with the Plaintiff's Decedent was destroyed.

3. The Plaintiff alleges that he has lost the love, support, guidance, advice and comfort furnished by his beloved mother as the result of the negligence of these Defendants. The death of his mother represents a tragedy from which he will never recover.

WHEREFORE, the Plaintiffs claim damages in excess of minimum jurisdictional amount.

_____
Jonathan Schochor

12

_Philip C Federico_
Philip C. Federico

_Schochor, Federico & Staton, PA_
Schochor, Federico and Staton, P.A.
The Paulton
1211 St. Paul Street
Baltimore, Maryland 21202
(410) 234-1000

Attorneys for the Plaintiffs