IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHAEL A. KING et al.            *
                                  *
                                  *
v.                                *    Civil Action No. WMN-10-3369
                                  *
JOSEPH ERIC ASUNCION, M.D.        *
et al.                            *
                                  *
    *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

## MEMORANDUM & ORDER

Defendants Mark C. Glass-Royal, M.D. and Drs. Reid, Ahmadian and Thompson, P.A. d/b/a Radiology Associates of Frederick, P.A. (collectively Glass-Royal/RAFPA) filed a motion seeking a court order that would permit them to have ex parte communications with Plaintiffs' decedent's treating health care providers.  ECF No. 66.  Defendant Frederick Memorial Hospital, Inc. (the Hospital) subsequently joined in that request.  ECF No. 67.  Plaintiffs strenuously opposed that request, ECF No. 69, and Defendants offered no reply to that opposition within the time permitted under the Local Rules.  Shortly after the filing of the opposition, the parties did file a stipulation of voluntary dismissal of the Glass-Royal/RAFPA Defendants, which the Court approved.  ECF Nos. 70, 71.  Thus, while the Glass-Royal/RAFPA motion is now moot, the Hospitals' motion is ripe for consideration.

Defendants argue that § 4-306(b)(3) of the Health General Article of the Maryland Code permits the ex parte contact requested in their motions.  They argue further that the federal statute governing the confidentiality of medical records, the Health Insurance and Portability Accountability Act of 1996, 42 U.S.C. § 1320d, et seq. (HIPAA), does not preempt § 4-306.  Nevertheless, Defendants seek an order of this Court permitting ex parte communications under the HIPAA regulations "[t]o ensure that there is no possible violation of HIPAA."  ECF No. 66 at 4.

The Court will deny the Hospital's motion.  This Court has previously held that HIPAA does preempt the Maryland provision and that HIPAA "is controlling on the issue of ex parte communication," Law v. Zuckerman, 307 F. Supp. 2d 705, 709 (D. Md. 2004).  The Court finds no reason to depart from that holding and, while there are limited circumstances under HIPAA in which ex parte communications with health care providers are permitted, Defendants have failed to make any particularized showing as to why traditional discovery procedures, including deposition testimony, would be inadequate here.

Accordingly, IT IS this 13th day of October, 2011, by the United States District Court for the District of Maryland, ORDERED:

1) That the motion for ex parte communications filed by Defendants Mark C. Glass-Royal, M.D. and Drs. Reid, Ahmadian and

Case 1:10-cv-03369-WMN   Document 72   Filed 10/13/11   Page 3 of 3

Thompson, P.A. d/b/a Radiology Associates of Frederick, P.A., ECF No. 66, is DENIED as MOOT;

2) That the motion for _ex parte_ communications filed by Defendant Frederick Memorial Hospital, Inc., ECF No. 67, is DENIED; and

3) That the Clerk of the Court shall transmit a copy of this Memorandum and Order to all counsel of record.

                                        _____/s/_____
                                        William M. Nickerson
                                        Senior United States District Judge

3